**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| CITY OF SOUTH BELOIT, ILLINOIS,<br>Plaintiff<br><br>v.<br><br>TOWN OF BELOIT, WISCONSIN,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-CV-1014 |

**COMPLAINT FOR BREACH OF CONTRACT**

**NOW COMES** the Plaintiff, CITY OF SOUTH BELOIT, ILLINOIS, by and through the undersigned counsel, and complains of Defendant as follows:

**JURISDICTION AND VENUE**

1. This action is based on the breach of contract for provision of fire and emergency medical services by the Town of Beloit, Wisconsin on behalf of the City of South Beloit, Illinois.

2. This Honorable Court has jurisdiction of the action pursuant to Art. III, Sec. 2 of the U.S. Const. and 28 U.S.C. §1332.

3. Venue is proper in this District under 28 U.S.C. §1391(b). The Defendant has its principal place of business in this judicial district, and the contract that is the basis of this action was executed in this judicial district as well.

**PARTIES**

4. Pursuant to Division 2 of Article 2 of Chapter 65 of the Illinois Compiled Statutes, Plaintiff is incorporated as a municipal corporation under the laws of the State of Illinois.

5. Plaintiff conducts business as a unit of local government located in Winnebago County, Illinois.

6. Pursuant to Wis. Stat. §60.01(1), Defendant is a town, which is a body corporate and politic, under the laws of the State of Wisconsin.

7. A town has the capacity to be sued pursuant to Wis. Stat. §60.01(2)(a).

8. Defendant conducts business as a unit of local government located in Rock County, Illinois.

**FACTS**

9. As part of the structure of its municipal corporation, Plaintiff maintains public safety services, which includes, without limitation, its own municipal fire department, providing emergency medical services and firefighting services within the City's territorial boundaries.

10. In 2024, Plaintiff and Defendant discussed contracting with Defendant for staffing of Plaintiff's fire station within the City..

11. On May 6, 2024, Plaintiff and Defendant entered into an Intergovernmental Agreement for Firefighting and Emergency Medical Services ("IGA"). A true and accurate copy of the IGA is attached hereto and made a part hereof as Exhibit A.

12. The IGA was adopted duly by the respective board or council of both Plaintiff and Defendant.

13. Defendant was to begin providing firefighting and emergency medical services under the IGA on July 1, 2024.

14. The IGA was to expire on December 31, 2029.

15. As part of the IGA, either party could terminate the IGA early by giving the other party twelve (12) month's notice.

16. On September 3, 2025, Defendant served written notice of termination of the IGA to Plaintiff effective October 1, 2026.

17. By mutual agreement of the parties, March 10, 2026 was the effective date of the termination of the IGA.

18. During the duration of the IGA, Plaintiff paid Defendant the sum of $1,486,839.80 in six (6) installments for services to be rendered under the IGA.

19. Wis. Stat. §893.80 requires that a notice of claim be submitted to the political corporation identifying an itemization of relief sought against the political corporation.

20. On March 26, 2026, Sonya Hoppes, City Administrator for Plaintiff, sent a notice of claim in the form of an email to John Malizio, who was the Town Administrator, Finance Director and Treasurer, at the Town of Beloit, itemizing the reasons why Plaintiff should be entitled to a reimbursement of funds expended to Defendant under the IGA

21. Said email also contained a claim for reimbursement in the compromised amount of $259,772.00.

**CAUSES OF ACTION**

Count I – Breach of Contract

22. Each paragraph of this Complaint is incorporated herein.

23. Defendant failed to begin providing the required services under the IGA until October 11, 2024.

24. The IGA required Defendant to provide Plaintiff with a minimum of three (3) personnel each day.

25. Section 1(E) of the IGA required Defendant to hire nine (9) full-time personnel for the purpose of staffing the City's fire station.

26. Section 1(E) of the IGA further states that "the staffing of a South Beloit engine or Quint shall be staffed with a minimum of three (3) personnel.

27. Section 2(A) of the IGA required Defendant to:

> (1) … provide to the City full-time firefighting services, paramedic-level emergency medical services, ambulance transport services and releated services customarily provided by the Fire Department (collectively "Emergency Services"). All personnel serving in South Beloit shall be licensed and qualified to participate in the Beloit Hospital System, as City of South Beloit Fire Department Medical Director, and provide such services as they are assigned. At all times, shall the City of South Beloit be staffed by Beloit with appropriately licensed personnel to maintain paramedic level service for the City. If, for any reason, staffing levels fall below that which is required under the terms of this Agreement to provide appropriate paramedic-level service, that shall be considered a default under the terms of this Agreement.
>
> (2) The Fire Department will provide Emergency Services to the City in the same manner as Emergency Services are provided within Beloit, applying the same response model and other protocols equally to both Parties.

28. Section 4(A) of the IGA required that "Beloit shall be responsible for regular and on-going inspections of all department equipment and apparatus and shall timely report to the City any need for repair or replacement."

29. In the event that Defendant failed to comply with the required staffing levels, it would be considered a default of the IGA.

30. Defendant failed to hire nine (9) full-time personnel to staff the City's fire station.

31. Defendant failed to maintain the required staffing level of three (3) personnel members for seventy percent (70%) of the days throughout the duration of the IGA.

32. Section 5(C) required the parties to have monthly meetings to discuss matters related to the IGA.

33. Plaintiff has staff meetings on the first Wednesday of each month to discuss matters in all city departments.

34. Defendant was informed of the existence of the monthly staff meetings, along with the dates and times.

35. A representative of Defendant did not attend the monthly staff meetings from August 2025 through March 2, 2026 and less than fifty percent (50%) of staff meetings during the duration of the IGA.

36. Prior to August 18, 2025, Defendant sent a representative to 19 of Plaintiff's 21 regularly-scheduled city council meetings during the duration of the IGA.

37. From August 18, 2025 through the agreed early termination date (March 10, 2026) of the IGA, Defendant sent a representative to only the December 15, 2025 city council meeting.

38. Defendant failed to perform all regular and on-going inspections of the City's equipment and apparatus.

39. Defendant failed to report to the City any need or repair or replacement of the City's equipment and apparatus.

40. Despite inadequate staffing levels and failed meetings attendance and inspections, Plaintiff performed all of its obligations under the IGA. including providing full payment in the timeframes required under the IGA.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, CITY OF SOUTH BELOIT, ILLINOIS, respectfully prays that this Honorable Court enters judgment against Defendant in an amount of $1,040,787.86, plus costs of suit and for such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

CITY OF SOUTH BELOIT, ILLINOIS

By: _____/s/Eric J. Miller_______________

Eric J. Miller, Esq. (IL 6283540)
Sosnowski Szeto LLP
6735 Vistagreen Way, Suite 300
Rockford, Illinois 61107
Telephone: (815) 900-7272
Facsimile: (815) 900-7444
Email: eric@sosnowskiszeto.com

*Counsel for Plaintiff*
*Pro Hac Vice Admission Pending*

*July 1, 2024*

**INTERGOVERNMENTAL AGREEMENT**
**FOR FIREFIGHTING AND EMERGENCY MEDICAL SERVICES**
**BETWEEN THE TOWN OF BELOIT**
**AND THE CITY OF SOUTH BELOIT**

This Intergovernmental Agreement ("Agreement") is made as of May 6, 2024, between the TOWN OF BELOIT, Rock County, Wisconsin, a Wisconsin body corporate and politic under Wis. Stat. § 60.01, ("Beloit" or "Town") and the City of South Beloit, Winnebago County, Illinois, an Illinois body corporate and politic under Illinois Stat. § 65 ILCS 5/ ("City"), (collectively "Party "and/or "Parties").

**Section 1. Background**

A. On March 29, 1956 the Town of Beloit Board of Supervisors voted to form the fire department. Beloit has a fire department comprised of full-time and part-time personnel. Wisconsin State Statute Section 66.0301 Intergovernmental Cooperation provides for intergovernmental cooperation between units of local government, including the power to contract or otherwise associate among themselves to obtain or share services and to exercise, combine, or transfer any power or function in any manner not prohibited by law or by ordinance, and to use their credit, revenues, and other resources to pay costs related to intergovernmental activities. Wisconsin State Statute Section 66.0303 Municipal Interstate Cooperation provides that a municipality may contract with municipalities of another state for the receipt or furnishing of services including specifically for the "receipt, furnishing, or joint exercise of fire fighting or emergency medical services."

B. Pursuant to section 10, Article VII of the Illinois Constitution "[u]nits of local government... may contract or otherwise associate among themselves, with the State, with other states and their units of local government... to obtain and share services and to exercise, combine, or transfer any power or function, in any manner not prohibited by law or ordinance." The Illinois Intergovernmental Cooperation Act (5 ILCS 220/ et seq.) also encourages intergovernmental cooperation.

C. Beloit has successfully provided assistance and services to South Beloit over the years under various mutual aid, auto-aid and informal agreements.

D. Beloit and the City have thoroughly studied the firefighting and emergency medical services, fire safety inspection services and dispatch services, and the Parties believe that the delivery of these services to the City will increase efficiency, provide quicker response times, decrease redundancy, decrease costs; and thereby, enhance the delivery of public safety services in both Communities.

E. The structure and staffing of Beloit's Fire Department is currently sufficient to serve the Towns two fire stations with at least two employees each day. The Town will hire 9 full time personnel for the purpose of staffing the City's fire station. The Town will staff the City's Fire Department with up to three employees each day. The staffing of a South Beloit Engine or Quint shall be staffed at a minimum with 3 personnel. It is understood and agreed between the parties that when PTO, furlough days, or sick time require, the staffing model can vary based upon PTO, furlough days, and sick time usage. It is anticipated that the City's fire station will be staffed with 3 personnel, a majority of the time. However, at no time will staffing fall below two personnel minimally trained as firefighter/paramedics.

Exhibit A

F. The Parties desire to enter into this Agreement to set forth their rights and responsibilities with respect to the delivery of fire and emergency medical services.

**Section 2. Agreed upon Responsibilities under this Agreement**

A. Emergency Services.

(1) Beloit's Fire Department ("Fire Department") will provide to the City full-time firefighting services; paramedic-level emergency medical services, ambulance transport services and related services customarily provided by the Fire Department (collectively "Emergency Services"). All personnel serving in South Beloit shall be licensed and qualified to participate in the Beloit Hospital System, as City of South Beloit Fire Department Medical Director, and provide such services as they are assigned. At all times, shall the City of South Beloit be staffed by Beloit with appropriately licensed personnel to maintain paramedic level service for the City. If, for any reason, staffing levels fall below that which is required under the terms of this Agreement to provide appropriate paramedic-level service, that shall be considered a default under the terms of this Agreement.

(2) The Fire Department will provide Emergency Services to the City in the same manner as Emergency Services are provided within Beloit, applying the same response model and other protocols equally to both Parties.

B. Inspection Services. The City shall continue to provide fire safety inspection services during the term of this Agreement. The City shall provide the results of such fire safety inspections to Beloit which may request follow-up inspections for compliance. The City shall be responsible for any enforcement proceedings required to correct violations discovered through fire safety inspections.

C. Dispatch Services. City will continue to provide 911 Dispatch through outside contracted services or through Winnebago County, Illinois Sheriff's Department 911 Telecommunication Center at a cost covered by the City.

D. Security of Fire Station. City shall maintain ownership of its Fire Station, however, City shall make arrangements to provide Beloit with the means to regulate access to the Fire Station by means of a dedicated key fob system to be under the control of Beloit.

E. Maintenance of Fire Station Grounds. City shall be responsible for maintenance of Fire Station grounds including yard maintenance, trash and snow removal.

F. Annual Testing. City shall pay for annual ladder and pump testing.

G. Turn Out Gear. City's inventory of turn out gear shall be distributed by Beloit. Beloit shall replace turn out gear required after the City inventory is used on a schedule in accordance with acceptable industry standards.

H. Fire Hose Inspection. Beloit will service check all fire hose in the possession of the City; the City shall pay for the replacement of all failed fire hose.

I. Documents to be Provided. City shall provide to Beloit the reports or documents set forth in Exhibit A attached to this Agreement.

**Section 3. City's Payments for Services**

A. Emergency Services Costs.

(1) The City shall pay Beloit quarterly installments to cover Beloit's costs to deliver the Services ("Quarterly Services Fee") payable on January 1, April 1, July 1 and October 1 annually. For the first year of services, from July 1, 2024 through December 31, 2024, the Annual Services Fee is $489,720.00. For the second year of services, from January 1, 2025 through December 31, 2025, the Annual Services Fee shall be $1,008,823.00. For the third year of services, from January 1, 2026 through December 31, 2026, the Annual Services Fee shall be $1,039,088.00. For the fourth year of services, from January 1, 2027 through December 31, 2027, the Annual Services Fee shall be $1,129,644.00. For the fifth year of services, from January 1, 2028 through December 31, 2028, the Annual Services Fee shall be $1,234,615.00. For the sixth year of services, from January 1, 2029 through December 31, 2029, the Annual Services Fee shall be $1,315,706.00

(2) The City shall pay the Quarterly Services Fee on January 1, April 1, July 1, October 1 annually. The Parties' representatives may agree from time to time, in writing, on a different payment schedule.

(3) The City shall manage all aspects of billing and collection of ambulance services via its outside contracted service for billing. Beloit will prepare all required reports under the NFIRS National Fire Incident Reporting System and all necessary patient care reports required by the state of Illinois (IDHP), NEMSIS, or any other reports that required by the City of South Beloit.

**Section 4. Personnel and Equipment; Command Authority**

A. Personnel and Equipment. All personnel provided by Beloit under this Agreement shall at all times remain the employees of Beloit. Beloit is responsible for all employment matters related to the personnel, including but without limitation to, hiring, salaries, benefits, discipline and all other employee-related matters. The City shall be responsible for the cost of the care and maintenance of all City equipment, apparatus, and the City's fire station. Beloit shall be responsible for regular and on-going inspections of all department equipment and apparatus and shall timely report to the City any need for repair or replacement. With regard to the fire station building, Beloit shall report to the City Street Superintendent and/or City Administrator any issues observed by Beloit in need of repair. The City shall timely perform the repair, or make arrangements to do so, subject to approval by the City Council.

B. Command Authority. The Town of Beloit Fire Chief, or his or her designees, will be primarily responsible for all services provided to the City under this Agreement, including without limitation command authority and decision-making at fires and other emergency scenes and delivery of emergency medical services, Inspection Services, and Dispatch Services. The Town of Beloit Fire Chief will have discretion at all times whether, and when, to collaborate with, or transfer command authority to City representatives. Command staff will make itself available to the City 24/7/365. Non-emergent meetings shall be scheduled two weeks in advance.

**Section 5. Communications**

A. Regular Communications. The Parties shall communicate regularly regarding services provided under this Agreement. The primary channel of communication will be

between representatives designated by the City Administrator, or designee, and the Beloit Fire Chief.

B. Emergency Communications. In the event of an emergency, the Parties will communicate with each other through the City Administrator, the Beloit Town Administrator and the Beloit Fire Chief.

C. Annual Meeting; Records. Each month for the first six (6) months of this Agreement, and at least quarterly each year thereafter, representatives of both communities shall meet to discuss matters related to this Agreement. The purpose of the meetings are to ensure that the Parties have the opportunity to talk in person about the management, delivery, costs, and other matters related to the various services and generally about the relationship between the Parties. Beloit's Town Administrator and the City Administrator may choose not to hold some meetings if they determine there is no need to do so. Beloit agrees to keep records for the City in the same manner as records are kept for Beloit and to provide those records to the City upon request. The records may include, but are not limited to, call volumes, response times and fire incident reports.

D. Hydrant and Contact Information. Within one week after the Commencement Date, and every year thereafter, the City will give Beloit a list of out-of-service fire hydrants.

**Section 6. Defense of Claims; Indemnification; Insurance**

A. Defense Against Claims. Except as provided in Subsections B and C below, if a lawsuit or other claim is brought against one Party from a third-party relating to a matter arising from this Agreement, the Party against which the claim is brought shall notify the other Party and the Parties shall conduct a mutual defense against the claim and shall share costs and otherwise cooperate to defend against the claim.

B. Indemnification by Beloit. Beloit shall hold harmless and indemnify the City and its officials, officers and employees (collectively "Indemnitees") from all liability, personal injuries, property damage, claims, causes of action, damages, losses and other obligations related to a claim asserted by any third-party at any time against the City if the claim arises from the Towns performance of its obligations under this Agreement, except that this indemnity shall not apply to the negligence or willful or wanton misconduct of the City. This subsection shall not be intended, and may not be deemed or construed, as a waiver by Beloit of any immunity provided under law.

C. Indemnification by the City. The City shall hold harmless and indemnify Beloit and its officials, officers, and employees (collectively "Indemnitees") from all liability, personal injuries, property damage, claims, causes of action, damages, losses and other obligations related to a claim asserted by any third-party at any time against Beloit if the claim arises from an act or failure to act by the City, except that this indemnity shall not apply to the negligence or willful or wanton misconduct of Beloit. This subsection shall not be intended, and may not be deemed or construed, as a waiver by the City of any immunity provided under law.

D. Insurance. The City shall purchase and maintain during the term of this Agreement, and any extension thereto, public liability insurance with policy limits in the amount of $1,000,000.00/$3,000,000.00 covering any actions brought against the City or Beloit for any damages to persons or property asserted by a third party allegedly caused by actions of the City or an employee of Beloit working under the terms of this Agreement. The City shall name Beloit as an additional insured under this policy and shall provide a certificate of insurance to Beloit as evidence of insurance coverage described herein.

**Section 8. Term; Termination.**

A. Initial Term and Renewal Terms. The delivery of services under this Agreement shall commence on July 1, 2024 ("Commencement Date") and this Agreement shall expire on December 31, 2029 ("Initial Term").

B. Termination. Either Party may terminate this Agreement by twelve (12) months written notice to the other Party.

**Section 9. General Provisions**

A. Notice. All notices required or permitted to be given under this Agreement must be given by one of the following: personal delivery; deposit in the United States mail with first class postage thereon; or deposit with a nationally recognized overnight delivery service, addressed as outlined below. Mailed notice shall be deemed given and received within three (3) days after notice was mailed. Overnight courier delivery shall be deemed given and received twenty-four (24) hours after pick-up by courier. Notices and communications must be addressed as follows:

To Town of Beloit:
Town of Beloit
2445 S. Afton Rd
Beloit, WI 53511
Attention: Town
Administrator

To South Beloit:
South Beloit
519 Blackhawk Blvd.
Suite 2
South Beloit, Il 61080
Attention: City
Administrator

B. Non-Waiver. Neither Party is under any obligation to exercise any of its rights under this Agreement. The failure of a Party to exercise a right shall not be deemed or construed to be a waiver of that right or of the right for the Party to exercise that right in the future.

C. Consents. Unless otherwise provided in this Agreement, whenever the consent or approval of a Party is necessary, that consent or approval must be in writing.

D. Entire Agreement. This Agreement is the entire agreement between the Parties. This Agreement supersedes all prior negotiations, understandings, and agreements between the Parties, whether written or oral, relating to the subject matters of this Agreement.

E. Interpretation. This Agreement must be construed as though the Parties participated equally in the drafting of this Agreement. Further, this Agreement shall be governed by the laws of the State of Wisconsin with venue for actions brought in a State Court being proper only in Rock County, Wisconsin, and if federal jurisdiction is properly invoked, with the Western District of Wisconsin.

F. Amendments. Any amendment or modification to this Agreement shall be effective only after it is in writing and executed by both Parties authorized representatives in accordance with applicable law.

G. Authority to Execute. Each Party represents that the persons executing this Agreement on its behalf have been properly authorized to do so by their respective Parties.

H. Severability. If any provision of this Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions of the Agreement shall continue in full force and effect.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the day and year first above written.

**TOWN OF BELOIT**

By: Diane M. Greenlee

Diane M. Greenlee, Town Chairperson

ATTEST:

By: Karry DeVault

Karry DeVault, Town Clerk

**CITY OF SOUTH BELOIT**

By: Thomas Fitzgerald

Tom Fitzgerald, Mayor

ATTEST:

By: Tracy L. Patrick

Tracy Patrick, City Clerk

**Exhibit A**
**Reports and Documents to be Provided by City of South Beloit**

1. Serial numbers and locations of all mobile radios used by City's Fire Department
2. Itemized list of all equipment in the current City Fire Station
3. Most recent budget figures to maintain the City Fire Station and equipment
4. Itemized list of all City fire apparatus including major equipment
5. Current vehicle replacement schedule
6. Inventory of fire hose
7. Hydrant Location List